■ In the Matter of the Adoption of ANONYMOUS.— Appeal from an order of adoption granted to a stepmother, without the consent of the natural mother, pursuant to section 111 of the Domestic Relations Law, where there was no showing of abandonment or other disability, but based solely on a conclusion that the moral and temporal interests of the children would be advanced by the adoption. The only testimony was given by the natural mother, referred to herein as appellant. The petition by the stepmother for the adoption was *pro forma* and no fulcrum for supporting the court's finding. An investigation was made by the County Probation Department but is not part of the record before this court. The children in question range in age from 4 to 13 years. They were neither present in court nor was a special guardian appointed to represent their interests. The natural parents were married in 1946 and there were born to them three boys and one girl. The father obtained a decree of divorce which became final in December, 1958, on the grounds of the wife's adultery, the father being awarded custody of the children and right of monthly visitation being granted to the mother, which privilege she regularly exercised. The father remarried in January, 1959, one month after the divorce became

final and his second wife, the petitioner herein, in March, 1960 sought to adopt the children, the order granting such petition being dated August 11, 1960. Section 111 of the Domestic Relations Law reads in part: "The consent shall not be required of a parent * * * who has been divorced because of his or her adultery * * * except that notice of the proposed adoption shall be given in such manner as the judge or surrogate may direct to a parent who has been divorced because of his or her adultery and, except that in any other case notice to a parent may be required if the judge or surrogate so orders". The lower court determined that the section did not require the consent of the appellant to the adoption but that the giving of notice was for the sole purpose of granting the parent an opportunity of expression as to what was for the best interests of her children. While we concur with the court that such an issue is of great importance, this is not a custody proceeding as to the interests of the children but an adoption proceeding attempting to forever sever the rights of the natural parent. There is a difference among the courts of this State on the intent of sections 111 and 114 of the Domestic Relations Law. In 47 A. L. R. 2d at page 841 [Adoption], section 6 "Dispensing with consent of parent divorced; because of adultery", under subdivision [b] at page 842 is the following: "The greater proportion of the cases appear to have recognized, either expressly or by implication from their holdings, that while it is true that the consent of a parent divorced for his or her adultery is not necessary under the statute, yet if such parent after notice contests the adoption proceeding, an adoption will not be granted unless it further appears from the evidence that such parent has abandoned the child, thus bringing into play the other exception dispensing with consent." We need not determine the question of interpretation as to the meaning of these sections as we find there is a failure of proof by petitioner. The Court of Appeals has on occasions in other than adoption proceedings given expression as to the rights of the natural parents. In *People ex rel. Portnoy* v. *Strasser* (303 N. Y. 539, 542) the custody of a child was taken from her mother and given to her maternal grandmother as the result of a finding that the mother had neglected the care and training of the child. In reversing, the Court of Appeals said: "Her right as a parent, not as a married woman, to the care and custody of the child becomes superior to that of all others unless it should be shown anew by the child's relatives or custodians that she is an unfit person to exercise such guardianship". We also place reliance upon another custody case, *People ex rel. Kropp* v. *Shepsky* (305 N. Y. 465). This case concerned the child of an unmarried eighteen-year-old where after an adoption order had been revoked, upon an application for custody of the child it was refused on a finding it would be "for the best interests of the child to remain elsewhere". The Court of Appeals after stating that a nonparent must prove the mother unfit to have her child said at page 469: "Apart, however, from such special and weighty circumstances [referring to abandonment and other disabilities], *the primacy of parental rights may not be ignored. In no case* may a contest between parent and nonparent resolve itself into 'a simple factual issue as to which [affords] the better surroundings, or as to which party is better equipped to raise the child'" (emphasis supplied). And again referring to the natural mother, the court said at page 471: "in assessing her fitness for the duties of motherhood, * * * the courts may not weigh too heavily indiscretions of long ago". The appellant testified as to her love and affection for her children, substantiated by her regular visits under trying circumstances and the hope that eventually she might have them come and live with her. Such testimony does not justify the position taken by the lower court that it can disregard the desires and intentions of the natural

mother and find solely on what is for the best interests of the children and grant the adoption. The petitioner has not sustained the burden of proof that the moral and temporal interests of the children will be promoted by granting the adoption and by breaking the blood ties of the natural parent. (*Matter of Spinney*, 9 Misc 2d 587.) Order of adoption reversed on the law and the facts and the petition dismissed on the merits, without costs. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.